**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2624
_____

LEONARD PATTI,
                            Appellant

v.

MEDICAL DOCTOR GEORGE C. PECK, JR.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:17-cv-00312)
District Judge: Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 7, 2018
Before:  MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 30, 2019)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se Appellant Leonard Patti appeals from the District Court's order dismissing his complaint for lack of subject matter jurisdiction. For the reasons detailed below, we will affirm.

I.

In the District Court, Patti filed a complaint against Dr. George Peck, essentially alleging medical malpractice. Patti stated that the basis for jurisdiction in federal court was the "Amendment to the U.S. Constitution, Article VII," his right to a trial by jury, and the rules of common law. As relief, Patti initially requested damages in the amount of $47,400 (it seems, however, that he amended his request for relief to $75,000). Peck filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the doctrine of res judicata barred Patti's suit because a similar state court suit was dismissed for failure to state a cause of action. After reviewing the complaint and motion, the District Court questioned whether it had subject matter jurisdiction over Patti's action and ordered the parties to brief the jurisdictional issue. After the parties responded, the District Court dismissed the complaint for lack of subject matter jurisdiction pursuant to Rule 12(h)(3). Patti appeals.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of a dismissal under Rule 12(h)(3), which requires dismissal if the court determines that it lacks subject matter jurisdiction, is plenary. See SEC v. Infinity Grp. Co., 212 F.3d 180, n.6 (3d Cir. 2000).

III.

The District Court properly dismissed Patti's complaint for lack of subject matter jurisdiction. Neither Patti's allegations of medical malpractice nor his citations to such rights as the right to trial by jury provide a basis for federal question jurisdiction. See 28 U.S.C. § 1331. Furthermore, as the District Court ruled, there is no basis for diversity jurisdiction because both parties are citizens of New Jersey. See 28 U.S.C. § 1332(a); Johnson v. SmithKline Beecham Corp., 724 F.3d 337, 345-46 (3d Cir. 2013) (explaining that § 1332 requires complete diversity, which means that no plaintiff can be a citizen of the same state as any of the defendants) (citation and quotation marks omitted).

Moreover, to the extent that Patti sought to challenge a judgment of a New Jersey state court, as he seems to argue in his brief on appeal, that is precisely the type of case that a federal court lacks subject matter jurisdiction to consider pursuant to the Rooker-Feldman[1] doctrine. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (explaining that federal courts are precluded from exercising jurisdiction over

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983).

a case brought by state-court losers challenging the state-court judgments rendered before the District Court proceedings commenced).

Accordingly, for the reasons given, we will affirm the judgment of the District Court.